UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
ADAM CARMON                       :
                                  :           PRISONER
     v.                           :     Case No. 3:05cv877(WWE)
                                  :
RICHARD P. SILVERSTEIN            :
```

MEMORANDUM OF DECISION

Plaintiff Adam Carmon ("Carmon"), an inmate confined at Northern Correctional Institution in Somers, Connecticut, brings this civil rights action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. He names as defendant Richard P. Silverstein ("Silverstein"), the private attorney he retained to represent him in a state criminal matter. Carmon alleges that Silverstein afforded him ineffective assistance of counsel. Carmon seeks damages and declaratory relief. For the reasons that follow, the complaint should be dismissed.

I.   Standard of Review

Carmon has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action. The district court is required to screen all cases filed in forma pauperis and dismiss any case that is frivolous or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii). In conducting its review, the court

accepts plaintiff's factual allegations as true and draws all inferences in plaintiff's favor. See Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000). If the court determines that plaintiff can prove no set of facts that would entitle him to relief, dismissal is appropriate. See id. at 597. In addition, the court permits a pro se plaintiff to amend his complaint unless the court concludes that an amended complaint could not possibly state a cognizable claim. See Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

In order to state a claim for relief under section 1983 of the Civil Rights Act, Carmon must satisfy a two-part test. First, he must allege facts demonstrating that defendant acted under color of state law. Second, he must allege facts demonstrating that he has been deprived of a constitutionally or federally protected right. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930 (1982); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986).

II.  Factual Allegations

Carmon retained Silverstein on March 20, 1994. Silverstein failed to interview Carmon's witnesses, investigate Carmon's claim that police had forged his signature on a statement, investigate the state's witnesses for possible impeachment, retrieve the 911 tapes or investigate Carmon's contention that another person committed the murder. In addition, Silverstein

failed to object at trial to statements made by the court or move for a mistrial.

III. Discussion

Carmon alleges that Silverstein afforded him ineffective assistance of counsel.  Silverstein, however, is a private attorney.  To state a claim under section 1983, the defendant must be a state actor.  A private attorney generally is not considered a state actor for purposes of section 1983.  McArthur v. Bell, 788 F. Supp. 706, 710, n.1 (E.D.N.Y. 1992) (citations omitted).  Because a private attorney is not a state actor, all claims against Silverstein will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The court notes that if a private attorney conspired with a state official to deprive another of a constitutional right, the private attorney would be deemed to have been acting under color of state law.  See Dennis v. Sparks, 449 U.S. 24, 27-28 (1980).  The Second Circuit has held that to state a claim of conspiracy under section 1983, the complaint must contain more than mere conclusory allegations.  See Gyadu v. Hartford Ins. Co., 197 F.3d 590, 591 (2d Cir. 1999).  Carmon alleges no fact from which the court could infer the existence of a conspiracy.  Instead, Carmon contends that Silverstein afforded ineffective assistance because of drug abuse and personal problems.  Thus, Carmon fails to allege facts to satisfy this exception and the court concludes

3

that amendment will not cure the defects in the complaint.

IV.  Conclusion

The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED** this ___16th_____ day of August, 2005, at Bridgeport, Connecticut.

```
              _____/s/_____
                    Warren W. Eginton
                    Senior United States District Judge
```